## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEVIN MARSHALL, )
)
     Plaintiff, )
)
     vs. )     Case No. 4:23-cv-00807-MTS
)
CITY OF ARNOLD, *et al.*, )
)
     Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Arnold Police Department's Motion to Dismiss, Doc. [19], Defendant City of Arnold's Motion to Dismiss, Doc. [21], and Defendants J. Christopher and W. Weaver's Joint Motion to Dismiss, Doc. [23]. For the reasons explained herein, the Court will grant the Motions and dismiss this action.

## I.     Background[1]

After Defendants filed Motions to Dismiss Plaintiff's original Complaint in this action, see Docs. [12], [14], & [16], Plaintiff filed a First Amended Complaint as a matter of course. *See* Doc. [18]; *see also* Fed. R. Civ. P. 15(a)(1)(B). Defendants timely filed Motions to Dismiss the First Amended Complaint. *See* Docs. [19], [21], & [23]. Plaintiff's time to oppose Defendants' Motions to Dismiss the First Amended Complaint

---

[1] The instant action is the second action Plaintiff filed in this Court regarding the incident at issue here. *See Marshall v. Arnold Police Dep't*, 4:21-cv-00062-SEP (E.D. Mo.). The United States District Judge assigned to that action provided Marshall with the opportunity to file a first amended complaint and a second amended complaint. The Court then dismissed Marshall's action without prejudice after concluding Marshall's second amended complaint failed to state a claim on which relief may be granted. *See id.* at ECF No. 20 (citing 28 U.S.C. § 1915(e)(2)(B)).

passed with no response from Plaintiff.  The Court then ordered Plaintiff to show cause

why it should not grant Defendants' unopposed Motions and dismiss this action.  Doc.

[26].  In Response, Plaintiff's Counsel asserted that "due to health problems with himself

and his support staff," Plaintiff's Counsel failed to realize that Defendants filed the

Motions to Dismiss the First Amended Complaint.  Doc. [27].[2]

Plaintiff then sought leave to file another amended complaint.  Doc. [28].  That

proposed complaint plainly did not address the issues Defendants raised in their motions

to dismiss.  The Court called a status conference and warned Plaintiff that he had one

more chance to address Defendants' motions to dismiss.  Doc. [31].  Plaintiff then filed

yet another Motion for Leave to File an Amended Complaint.  Doc. [34].  Defendants'

Response in Opposition to Plaintiff's Motion for Leave pointed out that Plaintiff's

Motion failed to comply with Local Rule 4.07, which requires that "at the time any

motion for leave to amend any pleading is filed," the "amended pleading itself must be

submitted" to the Court.  E.D. Mo. L.R. 4.07.  Defendants also pointed out that it

remained unclear whether the City of Arnold Police Department remained a named

Defendant in the proposed Amended Complaint.  Doc. [36] at 2 n.1.  Defendants also

made compelling arguments as to why allowing Plaintiff to file his latest Amended

Complaint would be futile, at least in many respects.  *See Zutz v. Nelson*, 601 F.3d 842,

850 (8th Cir. 2010) (explaining futility in the context of a motion for leave to amend

---

[2] Since Defendants filed three separate Motions to Dismiss, and since every Motion to Dismiss was accompanied by a separately filed Memorandum in Support, Plaintiff's Counsel received six separate notices via CM/ECF.

means the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure). For example, Defendants pointed out that Plaintiff's state law claims are outside the statute of limitations period.

Despite Defendants' Response raising what appear at first look to be significant issues with Plaintiff's latest proposed Amended Complaint, Plaintiff chose not to file a reply memorandum. Though the filing of a reply memorandum generally is not required, see E.D. Mo. L.R. 4.01(C), the Court ordered Plaintiff to file one in this instance to respond to the points raised in Defendants' Response. Plaintiff did so. Doc. [38]. But with his Reply, Plaintiff inexplicably attached as an exhibit *yet another* proposed Amended Complaint. Doc. [38-1]. The latest amendment makes additional changes to the Complaint without explanation, justification, or another motion seeking leave to amend. *Compare, e.g.*, Doc. [34-1] at 18 (seeking $300,000 from Defendant Weaver), *with, e.g.*, Doc. [38-1] at 12 (seeking $30 million in compensatory damages).

The Court is at a loss. It is impossible for it or Defendants to understand what proposed complaint Plaintiff seeks to use. For that reason, the Court will deny all the pending Motions to Amend and disregard the myriad documents Plaintiff has put forth as Amended Complaints. The Court will look to the operative First Amended Complaint, Doc. [18], which Plaintiff made as of right under Federal Rule of Civil Procedure 15(a)(1)(B). All Defendants have filed Motions to Dismiss the First Amended Complaint. *See* Docs. [19], [21], and [23]. The Court now takes them in turn.

## II.  Standard of Review

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  If the plaintiff fails to adequately plead, Rule 12(b)(6) allows a party to move to dismiss a purported claim that "fail[s] to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

A court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Although courts must accept all factual allegations within the complaint as true at the motion to dismiss stage, courts are not bound to take as true "a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 677–78; *accord*

- 4 -

*Twombly*, 550 U.S. at 555.  Indeed, "[c]ourts should dismiss complaints based on 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'"  *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Twombly*, 550 U.S. at 555).

III.     **Alleged Facts**

At fourteen numbered paragraphs, Plaintiff's First Amended Complaint is brief— and at times contradictory.  In it he alleges that in August of 2020, he arrived at Wood Spring Suites in Arnold, Missouri to visit his then-girlfriend.  When he arrived, he remained seated in his vehicle for several minutes but then "Plaintiff exited the vehicle." Doc. [18].  "Upon exiting his vehicle, a member of the Arnold Police Department, later identified as W. Weaver #162, ordered the Plaintiff out of the vehicle."  *Id.* ¶ 1.  Officer Weaver and another officer, J. Christoper, approached Plaintiff and alleged he was trespassing.  The officers handcuffed Plaintiff and then, after cuffing him, "slam[med] the Plaintiff on the ground."  *Id.* ¶ 2.  "Plaintiff had not resisted arrest, attempted to flee or flee from the Officers."  *Id.* ¶ 3.

"[M]ore officers were called to the scene and upon arrival, the Plaintiff was met with the knees of multiple officers forcefully in his back, and his face being rubbed in the pavement."  *Id.* ¶ 5.  Plaintiff, still handcuffed and on the ground, "was tased by one of the officers."  *Id.* ¶ 7.  "At some point," an officer or officers called for an emergency medical technician.  *Id.* ¶ 9.  When one arrived, the EMT "injected the Plaintiff with a drug several times" and then transported Plaintiff to the hospital, where Plaintiff "was

- 5 -

stripped naked in handcuffs against his will." *Id.*  Hours later Plaintiff woke up in the psychiatric ward.

Plaintiff states that "[t]he actions of the Officers involved exemplifies a lack of training and oversight by the Arnold Police Department of the Officers with its' department." *Id.* ¶ 11.  Plaintiff writes that the Department's "gross negligence" in its failure to train its officers was "one of the main contributors" to Plaintiff's rights being violated. *Id.* ¶ 12.  Plaintiff alleges that as a result of the "excessive force," he suffered "road rash on his face, elbows and knees," and has "P.T.S.D., shakes, anxiety attacks and panic attacks." *Id.* ¶ 14.  Plaintiff seeks $30 million in damages. *Id.*

**IV.     Discussion**

a. *Officer Weaver & Officer Christopher*

Plaintiff's First Amended Complaint fails to identify the capacity in which he sues Officers Weaver and Christopher.  The U.S. Court of Appeals for the Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).  When plaintiffs fail to do so, a district court will "assum[e] that the defendant is sued only in his or her official capacity." *Id.*; *accord Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("Because the complaint did not specifically name Leonard in his individual capacity, we presume that he was sued only in his official capacity."); *see also Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007)

(Gruender, J., concurring in part and dissenting in part) (describing this capacity rule as having "mutated into a bright-line presumption").  Therefore, the Court must assume that Plaintiff brings his claims against Officers Weaver and Christopher in their official capacities.  The official capacity claims against them are duplicative of Plaintiff's claims against the City of Arnold and therefore should be dismissed.  *See Veatch*, 627 F.3d at 1257; *see also, e.g.*, *Caruso v. City of St. Louis*, 4:16-cv-1335-RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016).[3]

### b.  *Arnold Police Department*

The Arnold Police Department is not a juridical entity suable as such.  *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  It simply is a department or subdivision of the City of Arnold's government.  *Id.*  For this reason, the Court will dismiss it from this action.  *See, e.g.*, *Porter v. Overland Police Dep't*, No. 4:23-cv-0765-RLW, 2023 WL 4864578, at *2 (E.D. Mo. July 31, 2023); *Marshall v. Arnold Police Dep't*, 4:21-cv-00062-SEP, 2022 WL 539094, at *1 (E.D. Mo. Feb. 23, 2022) (explaining to this very Plaintiff that the Arnold Police Department was "not a juridical entity subject to suit").

---

[3] Even if Plaintiff had specified that the claims against these officers were in their individual capacities, both still would fail.  Plaintiff failed to serve them with sufficient process.  *See* Doc. [23] at 2 n.2; *see also* Fed. R. Civ. P. 12(b)(4).  In addition, as to Officer Christopher, Plaintiff has not alleged *any* specific, wrongful actions Officer Christopher took.  *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))).  A claim against him in his individual capacity would therefore be dismissed for that elementary reason.

c. *City of Arnold*

To establish § 1983 liability against a municipality, like the City of Arnold, "a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the government entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). To establish § 1983 liability against a municipality, the "plaintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Aldridge v. City of St. Louis*, 4:18-cv-1677-CAS, 2019 WL 1695982, at * 9 (E.D. Mo. Apr. 17, 2019) (citing *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018)).

Plaintiff's First Amended Complaint seems to premise the City of Arnold's liability on a failure to train. *See* Doc. [18] ¶¶ 11–13. But it plainly comes far short of pleading a plausible § 1983 claim against the City. To state a claim for failure to train or supervise, Plaintiff must allege facts sufficient to show: (1) the City's training or supervision practices were inadequate; (2) the City was deliberately indifferent to the rights of others in adopting its training or supervision practices; (3) the City's failure to train or supervise was the result of deliberate and conscious choices that it made; and (4) the City's alleged training or supervision practices caused Plaintiff's constitutional

deprivation.  *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  *Ball-Bey v. Chandler*, 415 F. Supp. 3d 884, 900 (E.D. Mo. 2019) (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).  Plaintiff must establish "that the City 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'"  *Aldridge*, 2019 WL 1695982, *11 (quoting *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018)).

Plaintiff has not demonstrated that the City was deliberately indifferent to any widespread violations of its citizens' constitutional rights.  He has not alleged a pattern of unconstitutional violations but rather concentrates on a single instance, his.  Nor has Plaintiff alleged that the City was on notice of any such violations and deliberately failed to act in response.  Because Plaintiff has failed to allege facts demonstrating the existence of a failure to train—and has made no allegations about an official policy or an unofficial custom—Plaintiff has failed to state a § 1983 claim against the City.  The Court therefore will grant the City of Arnold's Motion to Dismiss.

## V.      Conclusion

For the reasons explained herein, the Court will deny all Plaintiff's pending Motions to Amend.  Because Plaintiff's First Amended Complaint—the operative Complaint in this case—fails to state a claim against Officers Weaver and Christopher in

- 10 -

their official capacities, the Arnold Police Department, and the City of Arnold, the Court will grant Defendants' Motions to Dismiss and dismiss this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Amend, Docs. [27] and [34], are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, Docs. [19], [21], and [23], are **GRANTED**.

An Order of Dismissal will be entered herewith dismissing this action.

Dated this 21st day of March 2024.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE